UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

AMANDA G. MITCHELL,

    Plaintiff,

v

WEST SERVICE CENTER INC.,
a Virginia corporation

    Defendant.
_____/

Case No: 17-

Honorable:

Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Associates, P.C.
Attorneys for Plaintiff
604 S Jefferson Ave
Saginaw, MI 48607-1132
(989) 754-0411
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**COMPLAINT AND JURY DEMAND**

PLAINTIFF, AMANDA G. MITCHELL, by her counsel, Debra A. Freid, of Freid, Gallagher, Taylor & Associates, P.C., states in complaint against Defendant, as follows:

1

## INTRODUCTION

1. This is an action brought pursuant to 29 USC Section 216(b) by Plaintiff arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 USC 201 *et seq.,* willful violations of the Michigan Workforce Opportunity Wage Act (MWOWA) 408.411 *et.seq.,* and for breach of contract.

2. Defendant offers towing services and employs dispatchers; in particular, Defendant employs nighttime and weekend dispatchers in virtual (at-home) call center environments.

3. Defendant has not compensated its home-based dispatchers for all work performed particularly because these dispatchers, including Plaintiff, are frequently engaged to wait. The Department of Labor's Fact Sheet #22 explains that the FLSA requires payment for all hours employees are engaged to wait.

4. The unpaid time Plaintiff spent engaged to wait directly benefits Defendant and is essential to fulfillment of her job responsibilities as a dispatcher.

5. More than one year after Plaintiff complained regarding Defendant's pay practices, Defendant changed the pay scheme as of April 24, 2016, acknowledging that its previous compensation package resulted in compensation that violated the FLSA and/or the minimum wage and overtime

laws of Michigan.

6. Plaintiff brings this action to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 USC 1331 because Plaintiff's claim raises a federal question under 29 USC §201, *et seq.*. Further, this Court has jurisdiction over Plaintiff's FLSA action pursuant to 29 USC § 216(b), which provides that a suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction." Finally, this Court has supplemental jurisdiction over the state based claims which arise out of the same case or controversy pursuant to 28 USC§ 1367.

8. Defendant's annual sales exceed $500,000 and it has more than 2 employees so the FLSA applies in this case on an enterprise basis. Defendant also engages in interstate commerce and therefore is also covered by the FLSA on an individual basis.

9. The court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. Proc. 4 because it conducts business within the State of Michigan sufficient to

satisfy the Michigan Long Arm Statute MCL 600.715 and due process.

10. Venue is proper in this District pursuant to 28 USC §1391 because a substantial portion of the events that give rise to plaintiff's claims occurred in this State.

## PARTIES

11. Plaintiff is a resident of Saginaw, Michigan, who has worked for Defendant since November 18, 2009.

12. Defendant West Service Center Inc., is a Virginia corporation, and has as its registered agent, Frances H. Hampton, 440 Monticello Ave, Ste 1834, Norfolk, VA 23510.

## GENERAL ALLEGATIONS

13. Plaintiff is employed as a tow dispatcher for Defendant. Throughout her employment, Plaintiff has been based in her home.

14. When hired on November 18, 2009, Plaintiff's contract required Defendant to pay Plaintiff at an hourly wage (post-training) of $21 per hour.

15. As of April 18, 2013, Plaintiff's hourly rate was reaffirmed by Defendant at $21.00 per hour as night/weekend dispatcher, (with "**all** calls considered as 10 minutes"); overtime was to be paid at the "rate at which the overtime is worked."

4

16. Since employed, Plaintiff has been scheduled for at least 113 hours or more every biweekly pay period.

17. When scheduled to work, Plaintiff was required to remain at home to handle calls for towing services on a landline during the relevant time period. Additionally, when scheduled for work, Plaintiff was not free to engage in personal activities.

18. During the Plaintiff's scheduled work hours and while waiting for call, Plaintiff was "engaged to wait."

19. However, instead of being compensated for each hour Plaintiff was scheduled for work, and contrary to her contract, Plaintiff was paid only for incoming calls from vendors and customers ("qualifying calls")received during the scheduled period until February of 2015 at which time Plaintiff began receiving compensation for incoming calls from, and outgoing calls to, vendors and customers ("qualifying calls.").

20. Through Plaintiff's employment through April 27, 2016, the dispatcher "hourly rate" applied only where there were at least 6 qualifying calls (because "all calls [were] considered as 10 minutes"); if there were fewer than 6 qualifying calls, Plaintiff received no compensation for time worked. Further, if compensated, Plaintiff was often not compensated at the correct hourly rate

pursuant to her contract. Finally, Plaintiff was not paid any overtime at all until after April 27, 2016.

21. Effective July 31, 2015, Defendant increased the "per call rate" for Plaintiff from $3.50 to $3.75 with **all** calls "considered as 10 min= $22.50 (per) hour." The change in compensation identified herein occurred as a result of Plaintiff's expressed concern that she was not being compensated correctly for hours worked according to her schedule.

22. Despite the compensation change as of July 31, 2015 referenced in the preceding paragraph, Plaintiff still was not compensated for each hour worked or at the correct rate and Plaintiff received no overtime for overtime hours worked.

23. In October of 2015, Plaintiff wrote to Defendant, again questioning Defendant regarding the pay plan because she was often working extended hours without receiving compensation for many of the hours worked, effectively earning nothing or less than minimum wage for hours worked.

24. Further, as of October 2015, despite having questioned Defendant on its pay practices several times, Plaintiff still was not being paid overtime because Defendant was not considering all hours Plaintiff worked in calculating the proper compensation.

25. As of December 2, 2015, Defendant asked Plaintiff to sign an addendum which "clarif(ied) how compensation is calculated for after hours dispatching" by clarifying the definition of "call." However, the clarification did not correct the problem and Plaintiff would still not be compensated for time worked.

26. Plaintiff advised Defendant that she was not able to sign the proposed addendum and continued to question Defendant regarding its failure to properly pay compensation for hours worked.

27. In April of 2016, Defendant admitted that it had not been complying with either the FLSA or State law and owed Plaintiff money for hours worked

28. As of April 28, 2016, Defendant instituted a compensation plan to begin paying Plaintiff minimum wage for every scheduled work hour or, if it would result in a higher hourly rate, to pay based on number of calls, but only those calls that generated income to the Defendant.

29. On June 27, 2016, Defendant notified Plaintiff that she had now met the threshold of hours worked required by the 401K plan. Had Defendant properly paid Plaintiff throughout the term of her employment, Plaintiff would have qualified for the 401K plan after working 90 days and 1500 hours which occurred in 2010.

30. Further, Defendant failed to offer Plaintiff other benefits consistent with full-time employment because Defendant did not consider all hours Plaintiff worked in assessing her eligibility for these benefits.

31. On September 21, 2016 Defendant issued a payment to Plaintiff, contending that the payment represented compensation for all hours Plaintiff had been scheduled to work where Defendant had previously not paid Plaintiff *at all or at least at minimum wage*. However, the Defendant only made payment for the period from September 18, 2014 through April 27, 2016.

32. In October of 2016, Plaintiff asked Defendant to explain the payment and to explain why the payment did not extend to the period 3 years prior to April of 2016.

33. On December 21, 2016, Defendant issued payment to Plaintiff, contending that the payment represented compensation for hours that Plaintiff had been scheduled to work from April 24, 2014 through September 17, 2014 where Defendant had previously not paid Plaintiff *at all or at least at minimum wage.*

34. Additionally, on December 21, 2016, Defendant issued payment to Plaintiff, stating that it had "estimated additional hours" and overtime due, and contending that the payment to Plaintiff represented overtime pay owed to

Plaintiff for the period from April 24, 2014 through April 27, 2016.

35. Defendant assigned Plaintiff the job task to provide training, as necessary, to another dispatcher from and after February of 2015. However, Defendant did not advise Plaintiff that she must be compensated for hours during which Plaintiff performed these services and did not otherwise monitor or track the hours Plaintiff spent performing this duty as required by law.

36. Plaintiff provided training to the dispatcher hired in or around February of 2015 by telephonic means and had continued to do so for periods in 2015 and in 2016.

37. Plaintiff was never paid for the time spent training the dispatcher.

## COUNT I -
## VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, 29 USC §201 *ET SEQ*

38. Plaintiff incorporates by reference, each and every paragraph above, as if fully set forth herein.

39. At all relevant times, Plaintiff has been an employee of the Defendant within the meaning of the FLSA, 29 USC § 201 *et seq*.

40. At all relevant times, Defendant is an employer within the meaning of the FLSA, 29 USC § 201 *et seq*.

41. Plaintiff is not now, and has never been, working for Defendant in a bona fide executive, administrative, or professional capacity within the meaning of FLSA and is, therefore, not exempt from the overtime requirements of FLSA.

42. At all relevant times, Defendant knew, or was required to take reasonable steps to ascertain, that it was required to compensate Plaintiff for every scheduled hour of work at a rate not less than minimum wage pursuant to 29 U.S.C. 206(a). Further, to the extent Plaintiff performed work for Defendant at Defendant's request at times outside of, and in addition to her scheduled hours, Defendant was required to compensate Plaintiff for that work pursuant to 29 U.S.C. §206(a) and to maintain related payroll records pursuant to 29 U.S.C.§ 211.

43. At all relevant times, Defendant knew, or was required to take reasonable steps to ascertain, that it was required to pay overtime compensation at the rate of one-and-one-half (1½) times the normal hourly rates to Plaintiff when Plaintiff worked more than forty (40) hours during a work week pursuant to 29 U.S.C. §207(a)

44. Defendant required Plaintiff to work scheduled hours (and other unscheduled hours) without any, or adequate, compensation in violation of FLSA, 29 USC §206 (a).

45. Defendant required Plaintiff to work overtime hours without compensation in violation of FLSA, 29 USC § 207(a).

46. Defendant failed to maintain adequate payroll records with respect to the hours Plaintiff spent in training another dispatcher in violation of 29 USC 211.

47. The Defendant's failure to pay appropriate minimum compensation and overtime is detailed in the spreadsheet attached to this Complaint as Exhibit A which is incorporated herein as if recited in full. The Defendant's failure to pay appropriate minimum compensation and overtime for hours spent in training another dispatcher is detailed in the spreadsheet attached to this Complaint as Exhibit B which is incorporated herein as if recited in full.

48. Defendant's failure to pay Plaintiff for all scheduled hours worked and overtime was willful since it knew of its obligation to pay and/or failed to take reasonable steps to comply with the legal dictates of the FLSA

49. Defendant did not reasonably believe that its compensation of Plaintiff complied with the FLSA.

50. Defendant did not act in good faith in failing to pay Plaintiff for all scheduled work hours and overtime.

51. As a direct and proximate cause of Defendant's willful violation of FLSA, 29 USC § 206(a) and 207(a), Plaintiff has been damaged.

52. Plaintiff is entitled to the following relief under FLSA:

   a. An Order declaring that the Defendant violated the FLSA and the Department of Labor's attendant regulations;

   b. An Order declaring that Defendant's violations of the FLSA were willful within the meaning of the statute:

   c. An amount equal to unpaid overtime compensation mandated by 29 USC § 207;

   d. An amount equal to unpaid wages mandated by 29 USC §206;

   e. An equal amount of liquidated damages as allowed under 29 USC § 216(b);

   f. Attorney fees and costs as allowed under 29 USC § 216(b);

   g. Prejudgment and post-judgment interest in accordance with applicable law;

   h. Such other relief as may seem appropriate to the Court under the circumstances of this case, including but not limited to all relief available under FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant in whatever amount the trier of fact deems appropriate, together with

interest, costs and attorney fees.

## **COUNT II - MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT (MWOWA) MCL 400.411 ET.SEQ**
## **FAILURE TO PAY FOR TIME WORKED AND FAILURE TO PAY OVERTIME**

53. Plaintiff incorporates by reference, each and every paragraph above, as if fully set forth herein.

54. At all relevant times, Defendant was an "employer" as defined by MCL 408.412(d).

55. At all relevant times, Plaintiff was an "employee" as defined in MCL 408.412(c).

56. At all relevant times, Defendant knew, or was required to take reasonable steps to ascertain, that it was required to compensate Plaintiff for every scheduled hour of work at a rate, not less than minimum wage pursuant to MCL 408.414.

57. At all relevant times, Defendant knew, or was required to take reasonable steps to ascertain, that it was required to pay overtime compensation at the rate of one-and-one-half (1½) times the normal hourly rates to Plaintiff, when Plaintiff worked more than forty (40) hours during a work week, pursuant to MCL 408.414a.

58. Plaintiff was not at any time during her employment with Defendant in a bona fide executive, administrative, or professional capacity within the meaning of the MWOWA, and is therefore not exempt from the overtime requirements of the MWOWA.

59. Defendant required Plaintiff to work scheduled hours (and additional unscheduled hours) without any, or adequate, compensation in violation of MWOWA.

60. Defendant required Plaintiff to work overtime without compensation in violation of the MWOWA.

61. Defendant did not reasonably believe that its compensation of Plaintiff complied with the MWOWA.

62. Defendant did not act in good faith in failing to pay Plaintiff for all scheduled work hours and overtime.

63. As a direct and proximate cause of Defendant's violation of the MWOWA, Plaintiff has been damaged.

64. Plaintiff is entitled to the recovery of the difference between the amount paid and the amount that, but for the violation of the law, would have been paid, plus an equal additional amount as liquidated damages together with

costs and reasonable attorney's fees, pursuant to MCL 408.419.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant in whatever amount the trier of fact deems appropriate, together with interest, costs and attorney fees, and such other relief as the Court deems equitable and just.

### COUNT III -BREACH OF CONTRACT

65. Plaintiff incorporates by reference, each and every paragraph above, as if fully set forth herein.

66. At all relevant times, Defendant had a contract with Plaintiff to pay Plaintiff at least $21.00 per hour for hours worked. That rate increased to $22.50 per hour as of July 31, 2015.

67. The contractual hourly rates are identified in paystubs and other records that Defendant prepares as part of its regular business activities.

68. Plaintiff performed under the contract by doing her job and carrying out the work required of her.

69. By not paying Plaintiff the agreed upon hourly wage for the work performed, and the required overtime at the contractually agreed upon hourly wage, the Defendant breached its contract with Plaintiff

70. Plaintiff's remedies under the FLSA and/or the MWOWA, are inadequate in

this case to fully and justly compensate Plaintiff to the extent that Defendant paid more than the lawfully mandated minimum wage, but less than 40 hours per week.

71. Plaintiff's remedies under the FLSA and/or the MWOWA, are inadequate in this case to fully and justly compensate Plaintiff to the extent that Defendant paid more than the lawfully mandated minimum wage, but overtime based upon a less than agreed upon hourly rate.

72. As a direct and proximate result of the Defendant's breach of contract, the Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant in whatever amount the trier of fact deems appropriate, together with interest, costs and attorney fees, and such other relief as the Court deems equitable and just.

Respectfully Submitted,

February 1, 2017

**s/Debra A. Freid**
Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Associates
Attorney for Plaintiff
604 S Jefferson Ave
Saginaw, MI 48607
(989) 754-4011
fgt@fgt-law.com

## **JURY DEMAND**

Plaintiff herein demands a trial by jury in this matter.

Respectfully Submitted,

February 1, 2017

**s/Debra A. Freid**
Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Associates
Attorney for Plaintiff
604 S Jefferson Ave
Saginaw, MI 48607
(989) 754-4011
fgt@fgt-law.com