UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA G. MITCHELL,

Plaintiff,

v.

Case No. 17-10325
Hon. Denise Page Hood

WEST SERVICE
CENTER, INC.,

Defendant.
_______________________________________/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#5]**

## I. INTRODUCTION

On June 5, 2017, Defendant filed a Motion to Dismiss. [Dkt. No. 5]. Plaintiff filed a response to the Motion to Dismiss on June 16, 2017. [Dkt. No. 8]. Defendant then filed a reply to Plaintiff's response on June 30, 2017 [Dkt. No. 10]. For the reasons that follow, the Court grants Defendant's motion.

## II. BACKGROUND

This action arises out of an employment relationship between Plaintiff, Amanda G. Mitchell, and Defendant, West Service Center, Inc. Defendant is a vehicle repair and towing operator located in Chesapeake, Virginia and is incorporated in Virginia. Defendant conducts repairs and towing in the local area surrounding Chesapeake, VA.

Plaintiff began working in Virginia for Defendant in 2009 as an offsite night/weekend dispatcher. While there are conflicting statements as to which side reached out, both Plaintiff and Defendant agreed that Plaintiff could continue to work for Defendant when she relocated to Michigan in 2011. As a night/weekend dispatcher, Plaintiff responds to afterhours calls from Defendant's customers for towing and repair service. She then contacts tow truck drivers to connect them with the customers.

Plaintiff alleges that Defendant did not compensate her for all hours she worked while waiting for calls and only compensated her for the calls themselves. [Dkt. No. 1 at PgID 5]. She claims that she should have been paid for all hours she was scheduled to work as she was "engaged to wait." *Id.* On February 1, 2017, Plaintiff filed a three-count Complaint stemming from the alleged unpaid wages: (1) Count I – violation of Fair Labor Standards Act of 1938, (2) Count II – Michigan Workforce Opportunity Wage Act: failure to pay for time worked and failure to pay overtime, and (3) Count III – breach of contract.

On June 5 2017, Defendant moved to dismiss to the Complaint on three grounds: (1) Lack of Personal Jurisdiction – Rule 12(b)(2), (2) Improper Venue – Rule 12(b)(3), and (3) Failure to State a Claim upon Which Relief Can Be Granted – Rule 12(b)(6). Defendant, also, moved in the alternative to transfer the case to the United States District Court for the Easter District of Virginia.

## III. Applicable Law & Analysis

### 1. Motion to Dismiss for Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2))

#### A. Standard of Review

Plaintiff bears "the burden of establishing the districts court's personal jurisdiction" over the Defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). As there has been no evidentiary hearing on the matter the court will "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991). Granting a motion to dismiss is only proper "if **all** the specific facts which the plaintiff…alleges collectively fail to state a prima facie case for jurisdiction." *Id*. (emphasis in original).

#### B. Analysis

In a federal court, personal jurisdiction is determined by both "(1) the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1100,1115 (6th Cir. 1994)). Plaintiff only asserts that this court has jurisdiction under MCL §600.715, which provides for specific or limited jurisdiction, and Defendant accepts Michigan's long arm statute as applicable to this case. [Dkt. 5 at PgID 48]. Michigan's long arm statute creates

jurisdiction to "the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteen Amendment." *Chrysler Corp. v. Fedder Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). This Court must determine whether or not personal jurisdiction comports with the due process clause of the Fourteenth Amendment.

The Sixth Circuit has established a three-part test to determine if application of a state's long-arm statute meets due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Neogen Corp.* 282 F. 3d at 890 (quoting *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968)). The Court finds that Plaintiff cannot satisfy step one of the *Mohasco* test.

Purposeful availment occurs when defendant "has purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe. v. Washington*, 326 U.S. 310, 317 (1945)). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person."

*Id*. (internal citations omitted).

Plaintiff argues that Defendant's actions in reaching out to Plaintiff to work for Defendant in Michigan created an interstate contract obligation that would subject Defendant to regulation in Michigan. [Dkt. No. 7 at PgID 150]. The Court finds that, even taking this as true, it does not establish a sufficient relationship between Defendant and Michigan to establish purposeful availment. "The existence of a contract with a citizen of the forum state, standing alone, will not suffice to confer personal jurisdiction over a foreign defendant." *U.S ex rel Hadid v. Johnson Controls Inc.*, No. 04-60146, 2005 WL 1630098, at *3 (E.D. Mich. 2005) (citing *Burger King*, 471 U.S. at 478). "Rather 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing…must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Id.* (quoting *Burger King*, 471 U.S. at 479).

Defendant cites *Hadid* as an example of a similar case to the one at bar. In *Hadid*, the Michigan plaintiff was employed by a non-resident company and sued in Michigan federal courts for breach of contract. The court dismissed the case for lack of personal jurisdiction. One significant difference between *Hadid* and this case is that Plaintiff performed in Michigan, while in *Hadid* the contract was carried out abroad.

Looking at the prior negotiations, future consequences, contractual terms, and course of dealings, the Court finds that they fail to connect Defendant to the state of Michigan. Defendant did not direct any sales at the state of Michigan, did not provide service in Michigan, and did not contract with any other Michigan individuals or corporations. The agreement between Plaintiff and Defendant was negotiated and signed in Virginia, and no representative from Defendant has ever travelled to Michigan in connection with Plaintiff's employment. When Plaintiff had concerns about the manner in which she was compensated, Plaintiff traveled to Virginia to discuss these concerns. [Dkt. No. 8-2 at PgID 172].

Several jurisdictions have held that the court lacks personal jurisdiction where the defendant has chosen to live in a different state from his or her employer and conducted at least some of his or her work in the forum state. *See, e.g.*, *Slepian v. Guerin*, No. 98-35039, 1999 U.S. App. LEXIS 3371, at **6-7 (9th Cir. 1999), (affirming a lower court decision holding a lack of personal jurisdiction where an employment contract was negotiated in California by an Oregon resident to be completed partially in the forum State, and where employers activities were never directed at Oregon); *Pennebacker v. Wayfarer Ketch Corp.*, 777 F.Supp. 1217, 1221 (E.D. Pa. 1991) (holding that a plaintiff's decision to live out of state and have his paychecks delivered to his out of state address are "unilateral decisions on his part for his own convenience which cannot provide a basis for jurisdiction.").

Plaintiff cites communications she had with Defendants as a manner in which Defendant reached out to Michigan in order to establish jurisdiction, but communications alone do not establish jurisdiction. "The use of interstate facilities such as telephone and the mail is a 'secondary or ancillary' factor and 'cannot alone provide the minimum contact' required by due process." *Lak, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir. 1989) (citing *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982)). It is only when viewed with the other factors that communications can contribute to establishing personal jurisdiction. The Court also notes that it was for the Plaintiff's convenience that Defendant directed its communications to Michigan, which the Sixth Circuit has found does not create personal jurisdiction. *See Int'l Techs. Consulstants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 395 (6th Cir. 1997) ("The only reason the communications in question here were directed to Michigan was that [Plaintiff] found it convenient to be present there. [Defendant] was not attempting to exploit any market for its products in Michigan, and the company presumably would have been pleased to communicate with [Plaintiff] wherever the latter wished."). The fact that Plaintiff decided to move to Michigan cannot serve as a reason to create personal jurisdiction.

As the Plaintiff has failed to meet the "purposeful availment" requirement, the other tests established in *Mohasco* need not be discussed because failure to

meet any requirement precludes the exercise of personal jurisdiction over a party. *Lak, Inc.*, 885 F.2d at 1303.

The Court grants Defendant's Motion to Dismiss pursuant to Rule 12(b)(2).

## I. CONCLUSION

For the reasons stated above,

It is ORDERED that the Defendant's Motion to Dismiss [Dkt. No 5] is **GRANTED.**

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager